

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CASE NO. 9:16-CR-18 |
| § | |
| JOSUE MIJARES § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Josue Mijares, violated conditions of supervised release imposed by United States District Judge Hayden Head of the Southern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #2) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on June 27, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

Judge Head sentenced Mr. Mijares on August 11, 2011, after the defendant pled guilty to the offense of Possession with Intent to Distribute 490.32 kilograms of marijuana, a Class B felony. The Court sentenced the defendant to 46 months imprisonment, to be followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include drug testing and treatment, $100 special assessment, and a truck driving condition which requires Mr. Mijares to declare his supervision status to an officer and consent to a search of his person, the tractor, trailer, and its contents upon request. On August 15, 2014, Josue Mijares completed his period of imprisonment and began service of the supervision term in the Eastern

District of Texas, Lufkin Division.

On September 1, 2016, jurisdiction was transferred to the United States District Court for the Eastern District of Texas. On October 4, 2016, upon United States District Judge Michael H. Schneider's retirement, the case was reassigned to the Honorable Ron Clark, Chief U.S. District Judge.

### B.  Allegations in Petition

The United States Probation Office alleges that Mr. Mijares violated a mandatory condition of supervised release as follows:

*The defendant shall not commit another federal, state or local crime.*

Specifically, the petition alleges that on September 13, 2016, the U.S. Probation Office learned that Mr. Mijares was involved in an accident in Hudson, Texas. According to the responding officer, several witnesses stated Mr. Mijares intentionally rammed his vehicle into another vehicle which was occupied by a person(s). On October 13, 2016, Mr. Mijares was arrested by the Hudson, Texas, Police Department for allegedly committing the offense of Aggravated Assault with Motor Vehicle, in violation of Texas Penal Code 22.02, a 2nd degree felony.

### C.  Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the above-stated allegations. Specifically, the Government would submit evidence and testimony supporting the allegation that Mr. Mijares was charged with Aggravated Assault - Deadly Weapon in Angelina County, Texas. A copy of a judgment entered in the 217th District Court of Angelina County would show that on June 12, 2017, judgment was entered against Mr. Mijares for the charge after he pled guilty and was sentenced to ten (10) years confinement in the Institutional Division of TDCJ,,

probated to five (5) years.

Defendant, Josue Mijares, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(h). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervision by committing a new state crime. This conduct constitutes a Grade A violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of I and the Grade A violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 12 to 18 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

probated to five (5) years.

Defendant, Josue Mijares, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(h). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervision by committing a new state crime. This conduct constitutes a Grade A violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of I and the Grade A violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 12 to 18 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Mijares pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned further recommends that the District Court order Defendant to serve a term of **twelve (12) months and one (1) day** imprisonment for the revocation, with no additional term of supervised release to follow. The Court also recommends that Mr. Mijares receive credit for time spent in federal custody since the warrant on the petition was issued in October 2016, if applicable.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

(2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 11st day of July, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE